JS 44 (Rev. 4-29-21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

PATRICIA MCGILL

**DEFENDANTS**

GOTHAM DRYWALL, INC., JOHN FITZPATRICK, JAMES DOLAN AND MICHAEL COYLE.

**(b)** County of Residence of First Listed Plaintiff __Queens County__
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant __Kings County__
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Preetpal Grewal, McKinley Onua & Associates, PLLC
26 Court Street, Suite 300, Brooklyn, NY 11242

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

*Does this action include a motion for temporary restraining order or order to show cause? Yes☐ No☑ "*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| | | | ☐ 790 Other Labor Litigation | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from Another District *(specify)*  ☐ 6 Multidistrict Litigation - Transfer  ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 U.S.C. 2615(a)(2); 2615(b)(1); NY Executive Law 296(1)(a); NY City Admin. Code 8-107(1)(a); 29 U.S.C. 2612(A)(1(F); Title VII

Brief description of cause:
Pregnancy and Pregnancy Leave Discrimination and Retaliation

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $ 

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*  JUDGE _____  DOCKET NUMBER _____

DATE
March 7, 2024

SIGNATURE OF ATTORNEY OF RECORD
*Preetpal Grewal*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

**CERTIFICATION OF ARBITRATION ELIGIBILITY**

Local Arbitration Rule 83.7 provides that with certain exceptions, actions seeking money damages only in an amount not in excess of $150,000, exclusive of interest and costs, are eligible for compulsory arbitration. The amount of damages is presumed to be below the threshold amount unless a certification to the contrary is filed.

Case is Eligible for Arbitration ☐

I, _____, counsel for_____, do hereby certify that the above captioned civil action is ineligible for compulsory arbitration for the following reason(s):

☐ monetary damages sought are in excess of $150,000, exclusive of interest and costs,

☐ the complaint seeks injunctive relief,

☐ the matter is otherwise ineligible for the following reason

## DISCLOSURE STATEMENT - FEDERAL RULES CIVIL PROCEDURE 7.1

Identify any parent corporation and any publicly held corporation that owns 10% or more or its stocks:

## RELATED CASE STATEMENT (Section VIII on the Front of this Form)

Please list all cases that are arguably related pursuant to Division of Business Rule 50.3.1 in Section VIII on the front of this form. Rule 50.3.1 (a) provides that "A civil case is "related" to another civil case for purposes of this guideline when, because of the similarity of facts and legal issues or because the cases arise from the same transactions or events, a substantial saving of judicial resources is likely to result from assigning both cases to the same judge and magistrate judge." Rule 50.3.1 (b) provides that " A civil case shall not be deemed "related" to another civil case merely because the civil case: (A) involves identical legal issues, or (B) involves the same parties." Rule 50.3.1 (c) further provides that "Presumptively, and subject to the power of a judge to determine otherwise pursuant to paragraph (d), civil cases shall not be deemed to be "related" unless both cases are still pending before the court."

# NY-E DIVISION OF BUSINESS RULE 1(c)

1.) Is the civil action being filed in the Eastern District removed from a New York State Court located in Nassau or Suffolk County?  ☐ Yes  ☐ No

2.) If you answered "no" above:
a) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in Nassau or Suffolk County?  ☐ Yes  ☐ No

b) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in the Eastern District?  ☐ Yes  ☐ No

c) If this is a Fair Debt Collection Practice Act case, specify the County in which the offending communication was received:

If your answer to question 2 (b) is "No," does the defendant (or a majority of the defendants, if there is more than one) reside in Nassau or Suffolk County, or, in an interpleader action, does the claimant (or a majority of the claimants, if there is more than one) reside in Nassau or Suffolk County? ☐ Yes  ☐ No
*(Note: A corporation shall be considered a resident of the County in which it has the most significant contacts).*

## BAR ADMISSION

I am currently admitted in the Eastern District of New York and currently a member in good standing of the bar of this court.

☐ Yes  ☐ No

Are you currently the subject of any disciplinary action (s) in this or any other state or federal court?

☐ Yes  (If yes, please explain  ☐ No

I certify the accuracy of all information provided above.

**Signature**: _____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
PATRICIA MCGILL,                                                      Index No.:
          Plaintiff,
                                                    **COMPLAINT**

     - against -
                                                    **JURY TRIAL**
GOTHAM DRYWALL, INC., JOHN FITZPATRICK,                              **DEMANDED**
JAMES DOLAN AND MICHAEL COYLE,
          Defendants.
-------------------------------------------------------------------------X

      PATRICIA MCGILL, by and through her attorneys McKinley Onua &

Associates, PLLC, as for her complaint against Gotham Drywall, Inc., alleges as follows:

## INTRODUCTION

     1.     Patricia McGill ("Plaintiff"), who at all relevant times served in the

position of Project Manager and Head of the Estimation Department of Gotham Drywall

Inc. was subjected to Family Medical Leave ("FMLA") retaliation, Pregnancy

Discrimination and Sex Discrimination when she was demoted to the position of Senior

Estimator and removed from the position of Project Manager on returning from maternity

leave, and the positions of Head of the Estimation Department and Project Manager were

given to two male employees and she was denied her rightful bonus.

     2.     Moreover, Gotham Drywall, Inc. ("Defendant") subjected Plaintiff to

Emergency Family Leave and Medical Expansion Act ("EFMLEA") discrimination by

failing to allow her to work from home on Fridays when she was unable to find childcare

on Fridays due to the ongoing Covid-19 Pandemic.

     3.     It is beyond dispute that Plaintiff was satisfactorily performing at the time

of the adverse employment actions against her.

## PARTIES

4.      Patricial McGill, at all relevant times, served in the position of Project Manager and Head of Estimation Department of Gotham Drywall Inc., from which position she was demoted to the position of Senior Estimator.  Patricia McGill resides in Middle Village, New York.

5.      Gotham Drywall Inc.'s headquarters are located at 244-250 Green Street, Brooklyn, NY 11222.  Gotham Drywall, Inc., at all relevant times, employed Patricia McGill in the position of Project Manager and Head of the Estimation Department, and subsequently in the position of Senior Estimator.  Gotham Drywall, Inc. is being sued herein for FMLA Retaliation, Pregnancy Discrimination, Gender and Sex Discrimination.

6.      John Fitzpatrick is the owner of Gotham Drywall and its Chief Executive Officer ("CEO") and President.  John Fitzpatrick works at Gotham Drywall Inc. in Brooklyn, New York.

7.      James Dolan is the owner of Gotham Drywall and is its Chief Financial Officer ("CFO").  James Dolan works at Gotham Drywall Inc. in Brooklyn, New York.

8.      Michael Coyle is the owner of Gotham Drywall and is its Vice-President. Michael Coyle works at Gotham Drywall Inc. in Brooklyn, New York.

## JURISDICTION

9.      This Court has jurisdiction over this matter under 29 U.S.C. §2615(a)(2) and 29 U.S.C. §2612(a)(1)(F).  Venue is proper because the acts complained of occurred in this judicial district.

## FACTUAL AVERMENTS

10.      Plaintiff re-alleges all the prior paragraphs above, as if fully stated here.

2

11.    Plaintiff was hired on or about September 19, 2011, by Gotham Drywall, Inc. as an Estimator.

12.    Her performance was satisfactory at all relevant times, and she received several bonuses and a yearly salary increase.

13.    She is a long term, 10-year employee doing estimating and project management work.

14.    Plaintiff even rose to the position of Head of Estimation Department and has functioned as a Project Manager supervising foremen.

15.    After several raises, her salary increased to $152,500.

16.    Plaintiff was regarded as an exceptional employee.

17.    Yet, since Plaintiff applied for FMLA and pregnancy leaves of absence, she has effectively been demoted, removed from the position of Head of the Estimation Department, as well as blocked from continuing to serve as Project Manager on a multi-phased project that she had previously been assigned.

18.    Instead, the position of Head of Estimation Department was given to a less-qualified male.

19.    Plaintiff's multi-phased project, that had been previously assigned to her, was given to a male on a permanent basis.

20.    Plaintiff was also denied her yearly review and salary increase and bonuses.

21.    Plaintiff was denied the right to work from home on Fridays whereas similarly situated employees were permitted to do so.

3

22.     Thus, the facts here establish FMLA retaliation, pregnancy leave discrimination and gender/sex discrimination.

## PREGNANY LEAVE RESULTED IN DEMOTION AT WORK

23.     Plaintiff began her approved pregnancy leave of absence on December 7, 2020, after her tenth year at work.  Plaintiff went out on maternity leave for approximately six months.

24.     She was the first employee to take maternity leave at Gotham Drywall Inc. since its inception.

25.     Upon her return, she was demoted to the position of Senior Estimator, rather than resuming her work as the Head Estimator.

26.     Plaintiff was also relieved from her role as Project Manager on a multi-phased project that she was assigned.

27.     This position of Project Manager afforded her substantial additional income through salary and bonuses.  Thus, Plaintiff lost substantial additional income, simply because she took FMLA and pregnancy leave of absence and because she is a woman.

28.     Management, through Michael Coyle and James Dolan, confirmed they were not allowing her to return to her previous position as Head of Estimation Department and Project Manager so that she could depart work timely to tend to her baby.

29.     Plaintiff never requested this accommodation.

30.     Both of Plaintiff's pre-pregnancy positions were given to male employees.

31.     Denis O' Sullivan, who had less experience and less seniority but was paid a higher salary than Plaintiff, was given the Head Estimator title.

32.    Derek Mulligan was given Plaintiff's position of Project Manager on a lucrative multi-phase project.

33.    Defendants' action of demoting Plaintiff is inextricably intertwined with Plaintiff's pregnancy and her sex.

34.    Defendants' decisions violated FMLA provisions guaranteeing that a person taking FMLA leave shall return to the same position that she left when she went on leave.

35.    Defendants' actions also constitute sex discrimination, as her prior Project Manager position and Head of the Estimation Department position were given to male employees solely on the ground that Plaintiff went out in FMLA and pregnancy leave of absence, and because she is a woman.

36.    Moreover, Plaintiff was not placed in a "equivalent" position since her return from FMLA leave.

**PREGANCY LEAVE RESULTED IN
DENIAL OF BONUS AND SALARY INCREASE**

37.    Also, Plaintiff was denied end-of-the-year-review for 2020 and not given the associated pay raise for the first time since her employment with Gotham Drywall, Inc.

38.    Plaintiff began her approved pregnancy leave of absence on December 7, 2020, but was not given a customary end-of-year review because she was on the pregnancy leave of absence when it occurred.

39.    However, on January 1, 2021, Plaintiff respectfully asked, via email, for her written end-of-year review and the status of her customary yearly pay raise.

5

40. Notably, in the prior nine or more years that Plaintiff worked with Gotham Drywall Inc. she had received nothing but fully satisfactory reviews and yearly pay increases.

41. In response to Plaintiff's request, partner James Dolan telephoned Plaintiff the following week and insisted that no salary increases had been given for the 2020 work year, and that none would be given to any employees at the start of 2021.

42. However, one or more similarly situated employees who did not become pregnant, and who did not take pregnancy leave of absence or FMLA leave of absence, were, in fact, given customary salary increases.

43. Plaintiff was also denied an end-of-the-year bonus in 2021.

44. Defendants claimed that Plaintiff's performance was lacking, but at no point did anyone in the management give specific instances, despite her entreaty.

45. Later, in response, Plaintiff was told that she was often away from her desk and needs to minimize time spent on the phone. Still, no specifics were given, nor was there any suggestion that her absence from her desk was prolonged or unauthorized.

46. Also, the bonus offered in 2021-22 did not align with the percentage targets met by Plaintiff previously as Project Manager.

47. Defendants' failure to afford Plaintiff an end-of-year review or a salary increase/bonus, despite her satisfactory performance, is a shocking illustration of disparate treatment because of her FMLA and pregnancy leave of absence, and because of her pregnancy and sex.

48. Indeed, other similarly situated employees who did not become pregnant and take FMLA and/or pregnancy leave of absence, received year-end reviews and customary salary increases.

## DENIAL OF ACCOMODATION TO WORK FROM HOME ON FRIDAY WHEN OTHER EMPLOYEES WERE PERMITTED TO DO SO

49. Later, after returning from FMLA and pregnancy leaves of absence, in 2021, Plaintiff requested accommodation of working from home on Fridays, in part, because she was unable to find childcare for her new-born on Fridays due to the ongoing pandemic.

50. This accommodation request seemed reasonable because all employees were permitted to leave early on Fridays anyways at 1 PM or 2 PM, beginning on Memorial Day weekend, 2021.

51. Yet, Defendants singled Plaintiff out and denied her accommodation request by noting that "You're not even BACK yet and you want more time off???"

52. Moreover, partner John Fitpatrick telephoned Plaintiff and told her that she had to be in the office full time and ". . . that was it."

53. Critically, a male employee, Denis O'Sullivan, who was similarly situated to Plaintiff, who served as estimator prior to her pregnancy and FMLA leave of absence and was later given Plaintiff's work of head estimator, was and is, permitted to work from home on Fridays or any other day, at his discretion, during this same period.

54. This too constitutes disparate treatment, in light of the fact that a similarly situated employee was given permission to work from home whenever he wanted, including Fridays.

55.     This also amounts to willful violation of EFMLEA because Defendants intentionally denied Plaintiff time off on Fridays when Plaintiff was unable to find healthcare for newborn on Friday.

## PERVASIVE HOSTILITY SINCE RETURN FROM FMLA LEAVE

56.     Since her return from FMLA and pregnancy leave, Plaintiff has also been subjected to pervasive hostility that is related to her FMLA and pregnancy leave.

57.     Indeed, the management – Coyle and Fitzpatrick – have vicariously made comments to Plaintiff indicating animus towards her FMLA and pregnancy leaves, amounting to a hostile work environment.

58.     For example, Defendants suggested, on numerous occasions, that Plaintiff "forgot" the intricacies of her position, including project management, because she had been off for too long.

59.     When Plaintiff sought to take time off using her Paid Family Leave, management, through Fritzpatrick, told Plaintiff that she should have done that on her pregnancy and FMLA leave.

60.     In addition, Plaintiff was no longer included in key discussions about projects, which she was frequently consulted on in the past.

61.     Plaintiff was asked to leave whenever key discussions about projects took place.

62.     When Plaintiff sought to visit Ireland, on her own accrued vacation time under Paid Family Leave, management, through John Fitzpatrick, told Plaintiff that she should have done that on her pregnancy leave and FMLA leave.

8

63. Moreover, prior to going on pregnancy leave, although Plaintiff's hours were 8 am to 5 pm, she was expected to stay after 5 pm to get the work done because the workload was large.

64. On her return from pregnancy leave, Plaintiff had to leave work at 5 pm each day to take care of her child, and her work was taken away from her.

65. When she spoke to Michael Coyle about why Denis took over her position of head estimator, she was informed that this was done to allow Plaintiff to leave at 5 pm.

66. No other similarly situated employees have been treated this way, and on information and belief, Plaintiff is the only employee who has become pregnant in Gotham Drywall Inc.'s comparatively short history.

67. After ten years of satisfactorily working in the same and similar position, Plaintiff was given a performance improvement plan to advise her on how she can improve at her role although Plaintiff's day-to-day responsibilities had not changed over the years.

68. Prior to her taking the FMLA leave, Defendants never complained about her job performance.

69. Also, this action of placing Plaintiff on performance improvement plan was taken in retaliation by the Defendants after Plaintiff had filed a complaint.

70. These hostile acts relate to Plaintiff's FMLA and pregnancy leave of absence, and her sex.

71. As a result of Defendants' acts and omissions, Plaintiff has lost salary, other compensation and benefits.

72. Plaintiff also suffered humiliation, anguish and mental pain and suffering as a proximate result of Defendants' acts and omissions.

73. Plaintiff's good name and reputation has been damaged as a result of Defendants' acts and omissions.

74. Plaintiff was unable to mitigate her employment situation despite her best efforts.

75. Defendants' acts which are willful, malicious and were in reckless indifference to Plaintiff's rights, entitling Plaintiff to liquidated and/or punitive damages, where available.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION – FMLA RETALIATION

76. Plaintiff re-alleges all of the prior paragraphs above, as if fully stated herein.

77. At all relevant times, Defendant Gotham Drywall Inc. was an employer as defined under the FMLA, and the individual Defendants were corporate officers acting in the interest of Defendant Gotham Drywall Inc.

78. As detailed above, Plaintiff exercised her rights under FMLA when she took pregnancy related leave of absence from work.

79. At all relevant times, Plaintiff was qualified for the work of Head of Estimation Department and the role of Project Manager on a multi-phased project that she was assigned to prior to her FMLA leave.

80. Plaintiff's work was satisfactory, and she had always received yearly salary increases and bonuses throughout her career at Gotham Drywall Inc., until 2020 when Plaintiff went on pregnancy leave.

81. Plaintiff suffered adverse employment action after returning from FMLA and pregnancy leave when she was, amongst other things, not allowed to work on her job as Head of the Estimation Department and Project Manager, was demoted to Senior Estimator, was denied end-of-year review and salary increases /bonuses, was denied permission to work from home on Fridays when other similarly situate employee was permitted to do so, and was later placed on a performance improvement plan, even though her day-to-day responsibilities had not changed.

82. The adverse employment actions occurred under circumstances giving rise to the inference of retaliatory intent.

83. Defendants, by subjecting Plaintiff to disparate treatment and hostile acts, after her return from an approved FMLA leave of absence and because of it, retaliated against Plaintiff in violation of 29 U.C.S. §2615(a)(2) and §2615(b)(1).

84. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered, and continues to suffer severe emotional distress including, but not limited to, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which she is entitled to an award of monetary damages and other relief, compensatory, liquidated and punitive damages, as well as lost salary, wages and benefits, and attorneys' fees.

**SECOND CAUSE OF ACTION – PREGNANCY AND PREGNANCY LEAVE DISCRIMINATION AND RETALIATION – NYSHRL**

85. Plaintiff re-alleges all the prior paragraphs above, as if fully stated herein.

86.     Plaintiff was in a protected class due to her pregnancy and took leave of absence due to her pregnancy.

87.     At all relevant times, Plaintiff was qualified for the work of Head of Estimation Department and the role of Project Manager on a multi-phased project that she was assigned to prior to her FMLA leave.

88.     Plaintiff had satisfactorily performed her work for over ten years at Gotham Drywall Inc. and received yearly salary increases and bonuses and was qualified for the positions of Head of the Estimation Department and a Project Manager.

89.     Immediately after returning to work from her pregnancy leave, Plaintiff was demoted to the position of Senior Estimator, whereas she was at all relevant times, a qualified Head of the Estimation Department and a Project Manager on a multi-faceted project prior to her pregnancy leave.

90.     By the actions described above, Defendants discriminated and retaliated against Plaintiff based on her pregnancy and pregnancy leave by denying her the same terms and conditions available to other similarly situated employees.

91.     Plaintiff suffered adverse employment action after returning from FMLA and pregnancy leave when she was, amongst other things, not allowed to work on her job as Head of the Estimation Department and Project Manager, demoted to Senior Estimator, was denied end-of-year review and salary increases /bonuses although other similarly situate employees received their evaluations and pay increases, was denied permission to work from home on Fridays when other similarly situate employee was permitted to do so, and was placed on a performance improvement plan, even though her day-to-day responsibilities had not changed.

92.     Plaintiff's both positions of Head Estimator and Project Manager were given to male employees – Denis O'Sullivan, who had less experience and less seniority but was paid a higher salary than Plaintiff was given the Head Estimator position, and Derek Mulligan was give Plaintiff's lucrative multi-phase project.

93.     Defendants by subjecting Plaintiff to disparate treatment and hostile acts, after her return from an approved pregnancy leave of absence and because of such leave and her being a woman, discriminated and retaliated against Plaintiff in violation of New York Executive Law §296(1)(a). Defendants retaliated against the Plaintiff.

94.     As a direct and proximate result of the unlawful conduct, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which she is entitled to an award of monetary damages and other relief, in addition to costs and reasonable attorneys' fees pursuant to N.Y. Exec. Law §297(10) and punitive damages pursuant to §297(4)(c).

95.     Defendants' discriminatory and retaliatory actions were willful, reckless and committed with a conscious or reckless disregard of Plaintiff's rights under the NYSHRL.

## THIRD CAUSE OF ACTION – PREGNANCY AND PREGNANCY LEAVE DISCRIMINATION AND RETALIATION – NYCHRL

96.     Plaintiff re-alleges all of the above paragraphs, as if fully stated herein.

97.     Plaintiff was in a protected class due to her pregnancy and took leave of absence due to her pregnancy.

13

98.    At all relevant times, Plaintiff was qualified for the work of Head of Estimation Department and the role of Project Manager on a multi-phased project that she was assigned to prior to her FMLA leave.

99.    Plaintiff had satisfactorily performed her work for over ten years at Gotham Drywall Inc. and received yearly salary increases and bonuses and was qualified for the positions of Head of the Estimation Department and a Project Manager.

100.    Immediately after returning to work from her pregnancy leave, Plaintiff was demoted to the position of Senior Evaluator, whereas she was, at all relevant times, a qualified Head of the Evaluation Department, and a Project Manager on a multi-faceted project prior to her pregnancy leave.

101.    By the actions described above, Defendants discriminated and retaliated against Plaintiff based on her pregnancy and pregnancy leave by denying her the same terms and conditions available to other similarly situated employees.

102.    Plaintiff suffered discrimination and adverse employment action after returning from FMLA and pregnancy leave when she was, amongst other things, not allowed to work on her job as Head of the Estimation Department and Project Manager, demoted to Senior Estimator, was denied end-of-year review and salary increases /bonuses although other similarly situate employees received their evaluations and pay increases, was denied permission to work from home on Fridays when other similarly situate employee was permitted to do so, and placed on a performance improvement plan, even though her day-to-day responsibilities had not changed.

103.    Plaintiff's both positions of Head Estimator and Project Manager were given to male employees – Denis O'Sullivan, who had less experience and less seniority

14

but was paid a higher salary than Plaintiff was given the Head Estimator position, and Derek Mulligan was give Plaintiff's lucrative multi-phase project.

104. Defendants, by subjecting Plaintiff to disparate treatment and hostile acts, after her return from an approved pregnancy leave of absence and because of such leave and her being a woman, discriminated and retaliated against Plaintiff in violation of the New York City Administrative Code §8-107(1)(a).

105. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered, and continues to suffer, severe mental and emotional distress, including humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and mental and emotional pain and suffering for which she is entitled to an award of monetary damages, including costs and reasonable attorneys' fees pursuant to N.Y.S City Admns. Code §8-502(a)(g). Plaintiff is also entitled to compensatory damages for loss of income.

## FOURTH CAUSE OF ACTION –EMERGENCY FAMILY AND MEDICAL LEAVE EXPANSION ACT ("EFMLEA") DISCRIMINATION AND RETALIATION

106. Plaintiff re-alleges all of the prior paragraphs above, as if fully stated herein.

107. Defendants, by refusing to grant Plaintiff an accommodation of working from home on Fridays where she could not find childcare for her newly born child on Fridays, due to the Pandemic, willfully violated 29 U.S.C. §2612(a)(1)(F).

## FIFTH CAUSE OF ACTION –
## PREGNANCY LEAVE DISCRIMINATION AND RETALIATION
## – TITLE VII (PDA)

108.    Plaintiff re-alleges all of the prior paragraphs above, as if fully stated herein.

109.    Plaintiff was in a protected class due to her pregnancy and took leave of absence due to her pregnancy.

110.    At all relevant times, Plaintiff was qualified for the work of Head of Estimation Department and the role of Project Manager on a multi-phased project that she was assigned to prior to her FMLA leave.

111.    Plaintiff had satisfactorily performed her work for over ten years at Gotham Drywall Inc. and received yearly salary increases and bonuses, and was qualified for the positions of Head of the Estimation Department and a Project Manager.

112.    Immediately on return from her pregnancy leave, Plaintiff was demoted to the position of Senior Estimator, whereas she was at all relevant times, a qualified Head of the Estimation Department and Project Manager on a multi-faceted project prior to her pregnancy leave.

113.    By the actions described above, Defendants intentionally discriminated against Plaintiff by denying Plaintiff the same terms and conditions of employment as available to other similarly situated employees.

114.    The adverse actions occurred under circumstances giving rise to the inference of discrimination and retaliation based on her pregnancy and pregnancy leave.

115.    Plaintiff suffered adverse employment action after returning from FMLA and pregnancy leave when she was, amongst other things, not allowed to work on her job

16

as Head of the Estimation Department and Project Manager, demoted to Senior Estimator, was denied end-of-year review and salary increases /bonuses although other similarly situate employees received their evaluations and pay increases, was denied permission to work from home on Fridays when other similarly situate employee was permitted to do so, and was placed on a performance improvement plan (even though her day-to-day responsibilities had not changed).

116.   Plaintiff's both positions of Head Estimator and Project Manager were given to male employees – Denis O'Sullivan, who had less experience and less seniority but was paid a higher salary than Plaintiff was given the Head Estimator position, and Derek Mulligan was give Plaintiff's lucrative multi-phase project.

117.   Defendants, by subjecting Plaintiff to disparate treatment and hostile acts after her return from approved pregnancy leave of absence and because of the pregnancy and her being a woman, discriminated and retaliated against Plaintiff in violation of Title VII of the Civil Rights Act of 1964, as amended by PDA.

118.   As a direct and proximate result of the said unlawful employment practices and in disregard to Plaintiff's rights and sensibilities, Plaintiff has suffered humiliation, loss of self-esteem and self-confidence, loss of reputation, degradation, severe emotional and mental distress, pain and suffering, and other consequential damages and lost wages.

## SIXTH CAUSE OF ACTION – AIDING AND ABETTING PREGNANCY AND PREGNANCY LEAVE DISCRIMINATION AND RETALIATION – NYSHRL

119.   Plaintiff re-alleges all of the prior paragraphs above, as if fully stated herein.

17

120.    Defendants John Fitzpatrick, James Dolan and Michael Coyle directly participated in the discriminatory and retaliatory conduct perpetuated against Plaintiff, including, but not limited to, demoting Plaintiff, denying Plaintiff end-of-year review and salary increases/bonuses, denying Plaintiff permission to work from home on Fridays, and placing Plaintiff on a performance improvement plan (even though her day-to-day responsibilities had not changed).

121.    At all relevant times Defendants John Fitzpatrick, James Dolan and Michael Coyle supervised Plaintiff and had the ability to control the terms and conditions of her employment, including, but not limited to demoting Plaintiff, denying Plaintiff her yearly reviews and bonuses, placing her on an employment improvement plan etc.

122.    Defendants John Fitzpatrick, James Dolan, and Michael Coyle knowingly and recklessly aided and abetted the unlawful discrimination against Plaintiff in violation of NYSHRL, including but not limited to, demoting Plaintiff, denying Plaintiff year review and salary increases/bonuses, stripping her of her supervisory role and taking away her work, placing Plaintiff under performance improvement plan, and giving Plaintiffs work to lesser qualified male employees.

123.    As a direct and proximate result, Plaintiff has suffered and continues to suffer monetary and/or economic damages, including but not limited to, past and future income and bonuses, salary increases etc., for which Plaintiff is entitled to an award of monetary damages.

124.    As a direct and proximate result of Defendants John Fitzpatrick, James Dolan and Michael Coyle's unlawful and discriminatory conduct in violation of NYSHRL, Plaintiff has suffered, and continues to suffer harm for which she is entitled to

monetary damages and other relief, in addition to costs and attorneys' fees pursuant to

N.Y. Exec. Law §297(10) and punitive damages pursuant to §297(4)(c).

### SEVENTH CAUSE OF ACTION – AIDING AND ABETTING PREGNANCY AND PREGNANCY LEAVE DISCRIMINATION AND RETALIATION – NYCHRL

125.    Plaintiff re-alleges all of the prior paragraphs above, as if fully stated herein.

126.    Defendants John Fitzpatrick, James Dolan and Michael Coyle directly participated in the discriminatory and retaliatory conduct perpetuated against Plaintiff, including, but not limited to, demoting Plaintiff, denying Plaintiff end-of-year review and salary increases/bonuses, denying Plaintiff permission to work from home on Fridays, and placing Plaintiff on a performance improvement plan (even though her day-to-day responsibilities had not changed).

127.    At all relevant times Defendants John Fitzpatrick, James Dolan and Michael Coyle supervised Plaintiff and had the ability to control the terms and conditions of her employment, including, but not limited to, demoting Plaintiff, denying Plaintiff her yearly reviews and bonuses, placing her on a performance improvement plan etc.

128.    Defendants John Fitzpatrick, James Dolan, and Michael Coyle knowingly and recklessly aided and abetted the unlawful discrimination against Plaintiff in violation of NYSHRL, including but not limited to, demoting Plaintiff, denying Plaintiff year review and salary increases/bonuses, stripping her of her supervisory role and taking away her work, placing Plaintiff under performance improvement plan, and giving Plaintiffs work to lesser qualified male employees.

19

129. As a direct and proximate result, Plaintiff has suffered and continues to suffer monetary and/or economic damages, including but not limited to, past and future income and bonuses, salary increases etc., for which Plaintiff is entitled to an award of monetary damages.

130. As a direct and proximate result, Plaintiff has suffered, and continues to suffer severe mental anguish and emotional distress, including but not limited to humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional and mental pain and suffering for which she is entitled to award of monetary damages.

131. Defendants John Fitzpatrick, James Dolan, and Michael Coyle's unlawful discriminatory conduct constitutes a knowing, malicious, willful and wanton violation of NYCHRL for which Plaintiff is entitled to an award of punitive damages.

## EIGHTH CAUSE OF ACTION – HOSTILE WORK ENVIRONMENT – TITLE VII, AND NYHRLS

132. Plaintiff re-alleges all of the prior paragraphs above, as if fully stated herein.

133. Plaintiff was subjected to a hostile work environment including harassment by her supervisors Defendants John Fitzpatrick, James Dolan, and Michael Coyle, in violation of Title VII, and NYHRL.

134. Plaintiff is a person aggrieved under Title VII and NYHRLS and was within the "zone of interest" of the hostile work environment.

135. Plaintiff was subjected to harassment by John Fitzpatrick, James Dolan, and Michael Coyle that was motivated by Plaintiff's pregnancy and pregnancy leave and her protected status in violation of Title VII and NYHRL.

136.    The discriminatory conduct was so severe and pervasive as to create a hostile and abusive work environment for the Plaintiff.

137.    For example, on rejoining her duties after her pregnancy leave, Defendants stripped her of her supervisory role and her duties as Head of the Estimation Department and Project Manager, and later placed her on a performance improvement plan.

138.    Defendants John Fitzpatrick, James Dolan, and Michael Coyle regularly asked Plaintiff to leave meetings so that they could discuss issues regarding estimation with other employees, whereas previously the meetings were not conducted without her presence.

139.    Plaintiff was demoted, demeaned, and ridiculed by the Defendants. Defendants selectively placing Plaintiff on a performance improvement plan after demoting her contributed as the adverse employment action.

140.    This created an objectively hostile and abusive work environment that any reasonable person would find hostile or abusive, which Plaintiff perceived to be abusive.

141.    Defendants John Fitzpatrick, James Dolan, and Michael Coyle directly created or participated in the creation of hostile work environment.

142.    Defendant Gotham Drywall, Inc. is vicariously liable because Defenant John Fitzpatrick, James Dolan, and Michael Coyle had authority to assign work, set hours, take tangible employment actions, and among other things, controlled the work assignments given to Plaintiff.

143.    Plaintiff experienced severe emotional distress because of Defendant's actions and the hostile work environment. She was frustrated and exasperated at the

21

discrimination and hostile work environment she experienced, and the lack of response from Human Resources.

144.    As a direct and proximate result, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including but not limited to humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which she is entitled to an award of monetary damages.

**WHEREFORE**, Plaintiff prays that this Court grant judgment to her containing the following relief

    a.  An impaneled jury;

    b.  An award of economic damages;

    c.  An award of compensatory damages;

    d.  An award of punitive damages;

    e.  Prejudgment interest on all amounts due;

    f.  The costs of this action and award of Plaintiff's reasonable attorney's fees to the fullest extent permitted by law; and

    g.  Such other and further relief as this Court may deem just and proper.

Dated: Brooklyn, New York
       March 7, 2024                 Respectfully submitted,

                          MCKINLEY ONUA & ASSOCIATES

                            s/ Preetpal Grewal
               By: _____
                     Preetpal Grewal
                     *Attorney for Plaintiff*
                     26 Court Street, Suite 300
                     Brooklyn, NY 11242
                     (718) 522-0236

22